IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS ALBERTO BANDA,<br>    ID # 01040178,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondents. | No. 3:16-CV-2406-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Luis Alberto Banda (Petitioner) challenges his conviction for murder. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.  Procedural History**

On November 30, 2000, the State of Texas indicted Petitioner for murder in Cause No. F00-72692. (Doc. 6-2 at 5-6.)[1] He pleaded not guilty and was tried before a jury in the 204th Judicial District Court of Dallas County, Texas. On May 7, 2001, the jury convicted him, and he was sentenced to 60 years' imprisonment. (*Id.* at 56.) The judgment was affirmed on appeal. *See Banda v. State*, No. 05-01-00825-CR, 2002 WL 413780 (Tex. App. – Dallas Mar. 18, 2002). He filed a state habeas application and was granted an out-of-time petition for discretionary review. (Doc. 6-

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

20); *see Ex parte Banda*, No. 74,971 (Tex. Crim. App. June 30, 2004). His petition for discretionary review was refused on February 9, 2005. *Banda v. State*, PDR-1161-04 (Tex. Crim. App. Feb. 9, 2005). His petition for writ of certiorari was denied on October 3, 2005. *Banda v. Texas*, 546 U.S. 898 (2005).

Petitioner's state habeas application challenging his conviction was signed on October 1, 2015, and received by the state court on December 3, 2015. (Doc. 6-18 at 4, 26.) It was denied without written order on June 1, 2016. (Doc. 6-16); *see Ex parte Banda*, WR-58,890-02 (Tex. Crim. App. June 1, 2016).

**B.    Substantive Claims**

Petitioner's federal petition raises the following grounds of ineffective assistance of trial counsel for failure to:

(1)    introduce evidence supporting self defense;

(2)    introduce mitigating evidence;

(3)    adequately prepare for trial;

(4)    present a favorable witness during the punishment phase;

(5)    object to a witness's invocation of the Fifth Amendment; and

(6)    properly file a motion for new trial and bill of exception.

(*See* doc. 3 at 6-7, 14-15.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.      **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] His state conviction became final on October 3, 2005, when his petition for writ of certiorari was denied. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (conviction becomes final under § 2244(d)(1)(A) when the Supreme Court denies a petition for writ of certiorari). He had until October 3, 2006, to file his federal habeas

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

petition, absent any tolling of the statute of limitations.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, Petitioner filed his state habeas applications on October 1, 2015, after the limitations period had already expired, so he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on August 1, 2016, the date that it was mailed.[3] It is therefore untimely.

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

**D.**     ***Martinez v. Ryan* and *Trevino v. Thaler***

Petitioner contends that he should be excused from the statute of limitations because he is raising claims of ineffective assistance of counsel, in light of *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

In *Trevino*, the Supreme Court held that the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino*, 133 S.Ct. at 1921 (citing *Martinez v. Ryan*, 132 S.Ct. at 1320). *Martinez* and *Trevino* addressed exceptions to the procedural default rule; they do not apply to the statute of limitations or equitable tolling. *See Adams v. Stephens*, No. 4:14-CV-395-O, 2015 WL 5459646 at *4 (N.D. Tex. Sept. 17, 2015); *Reynolds v. Stephens*, No. 3:13-CV-

2728-P, 2014 WL 2575752 at *3 (N.D. Tex. June 9, 2014). Neither case provides a basis for tolling the statute of limitations, so Petitioner's claims are time-barred.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 6th day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE